# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-3394-RMR-NRN

AQUA SIERRA, INC., a Colorado Corporation

Plaintiff,

v.

COLORADO POND AND LAKE, LLC, *et al.*,

Defendants.

---

## DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM CALLING ANY EXPERT WITNESSES AT TRIAL OR, IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF FROM CALLING JAMES HARRINGTON, PURSUANT TO FED. R. CIV. P. 26(a)(2) AND 37(c)(1)

---

Defendants Colorado Pond and Lake LLC, Silas Sims, Philip Hirshman, and Noel Browning, by and through their undersigned attorneys, hereby move to preclude Plaintiff from calling any expert witnesses at trial, or, in the alternative, to preclude Plaintiff from calling James Harrington as an expert witness, pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1), and in support thereof state as follows:

### Certificate of Conferral

The undersigned defense counsel hereby certifies that he conferred with Plaintiff's counsel and that Plaintiff opposes this motion.

### Relevant Facts

Both Plaintiff Aqua Sierra, Inc. ("ASI") and Defendant Colorado Pond and Lake L.L.C. ("CPL") are businesses that provide a variety of services related to the management of bodies of water such as lakes and ponds. They are direct competitors in a market containing several other

competing businesses, some of which are larger than both of the parties to this case. Defendants Silas Sims ("Sims") and Philip Hirshman ("Hirshman") are the founders and co-owners of CPL, and Noel Browning ("Browning") is an employee of CPL. All three were formerly employed by ASI.

Plaintiff alleges that Defendant Sims, shortly before he left ASI, copied large amounts of sensitive and proprietary information from ASI's computer system, including customer lists and alleged but unspecified "trade secrets," deleted that information from ASI's system, and took that information with him. ASI further alleges that all of the Defendants used that information to their benefit in their business in competition with ASI. Sims categorically denies that he committed any of the aforesaid acts, and all of the Defendants deny that any of them ever took, possessed, or used any ASI proprietary information or trade secrets (to the extent that ASI has any actual trade secrets, which CPL denies) since leaving ASI or at any time since the founding of CPL. In short, all of the Defendants deny all of the allegations against them in their entirety.

ASI has brought claims against CPL primarily under state and federal Defend Trade Secrets Acts and has produced to Defendants the reports of two retained experts. Chris Mammarella, a digital forensic examiner, prepared a report with his opinions pertaining to ASI's allegations regarding Defendant Sims' alleged conduct described above. (See attached Report of Findings of Chris Mammarella.)[1] James Harrington prepared a report with his opinions on ASI's alleged damages. (See Expert Report on Damages of James Harrington, CPA, CFF, CVA, hereinafter "Harrington Report.") These reports were produced on December 12, 2024, one day before the deadline for disclosure of affirmative expert witnesses. Earlier in discovery, Plaintiff also produced a forensic analysis report by Craig Bernard dated June 24, 2021, that was prepared and used in an

---

[1] All expert witness reports referenced herein were hand-delivered to the Court today and are the subject of a concurrent motion to have them filed under Level 2 Restriction.

earlier criminal case brought against Defendant Sims in 2021. (See attached Forensic Analysis Report by Craig Bernard, ACE.) Although Plaintiff produced these *reports* to Defendants, Plaintiff never filed an expert witness *disclosure* under Fed. R. Civ. P. 26(a)(2)(A) identifying any witnesses that Plaintiff may call as experts at trial.

In the Harrington Report, Mr. Harrington provided a purported "Listing of Documents and Information Considered" that identified all but two of those documents *only* by ASI Bates stamp numbers with no substantive identification of any of those documents. (Harrington Report, Attachment B).[2] In ASI's production of documents to Defendants in its initial disclosures and throughout discovery in this case, *ASI never Bates-stamped any documents*.[3] So, Mr. Harrington's "Listing of Documents and Information Considered" provided Defendants with no meaningful information whatsoever as to what evidentiary documents he reviewed and relied upon in his report.

Although Plaintiff did not file any expert witness disclosures under Fed. R. Civ. P. 26(a)(2)(A), and despite the prejudice of not knowing the evidence on which Mr. Harrington based his opinions and conclusions, in an excess of caution, and at great expense, Defendants retained experts to rebut the opinions and conclusions set forth in the reports of Plaintiff's two retained experts, and on April 4, 2025, Defendants timely filed rebuttal expert disclosures and reports to Plaintiff's two retained experts. In doing so, Defendants included the following footnote for each of Plaintiff's two retained experts making clear that they maintained that Plaintiff's production of

---

[2] The only two documents that he identified by name as having been reviewed and considered were the "Amended Complaint" and "First Amended Complaint," pleadings in this case containing only ASI's *allegations* against Defendants, which are not evidence. (Harrington Report, Attachment B).
[3] The entirety of the documents produced in discovery by ASI is too voluminous to attach to this motion. However, Defendants will make arrangements to show the Court any or all of ASI's produced documents with no Bates stamp numbers upon request.

3

expert reports did not constitute a designation of those persons as expert witnesses who may be called at trial:

> Although a report by [Mr. Harrington/Mr. Mammarella] was produced to Defendants by Plaintiff, Plaintiff did not designate [Mr. Harrington/Mr. Mammarella] as an expert as required under F.R.C.P. 26(a)(2)(A). Defendants' designation of [Dr. Roberts/Mr. Burgess] as a rebuttal expert witness is made in an excess of caution and does not constitute a waiver of their position that [Mr. Harrington/Mr. Mammarella] was not properly designated as an expert witness by Plaintiff.

(Attached Defendants' F.R.C.P. 26(a)(2) Disclosure of Rebuttal Expert Witnesses at 4, n. 1, 2). Furthermore, because no expert disclosures were made by Plaintiff, and because Defendants had already spent a great deal of money retaining experts out of an abundance of caution to rebut the exerts who had been retained but not disclosed as expert witnesses for trial by Plaintiff, Defendants did not spend even more time and money to depose or take any other discovery related to any of the experts whose reports were produced to them but who had not been disclosed as potential trial witnesses by Plaintiff.

### Argument

**1. Plaintiff Should Be Precluded From Calling Any Expert Witnesses Under Fed. R. Civ. P. 37(c)(1) Because Plaintiff Did Not Disclose Any Experts That It May Call at Trial as Required Under Fed. R. Civ. P. 26(a)(2)(A).**

Fed. R. Civ. P. 26(a)(2)(A) requires each party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," which rules pertain to the presentation of expert witness testimony at trial. Fed. R. Civ. P. 26(a)(2)(B) requires in relevant part that the aforesaid disclosure under subparagraph (A) "be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)

or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

As stated above, while Plaintiff has produced several expert reports, Plaintiff has never to this day provided Defendants with a disclosure informing them of the witnesses, if any, that Plaintiff may call as experts at trial. Merely producing reports does not satisfy the *disclosure* requirement of Rule 26(a)(2)(A) because the production of reports alone does not inform a party of the witnesses that the that party may call at trial. The very fact that subsection (A) of Rule 26(a)(2) exists separately from subsection (B) demonstrates that Fed. R. Civ. P. 26(a)(2) contains *two separate* requirements: (A) a disclosure of the witnesses whom the party may call as experts at trial; and (B) production of reports for each such retained expert.

Furthermore, subsection (B) does not merely state that such reports must be produced for retained experts. It specifically states that *the disclosure required by subsection (A)* must be "accompanied by" such reports. This demonstrates that *a disclosure is required*, and *the report accompanies the disclosure*.

Although Plaintiff produced some expert reports, Plaintiff did not disclose to Defendants its intent to *call* any expert witnesses *at trial* as required under Rule 26(a)(2)(A), and the deadline to do so expired on December 13, 2024, over 7 months ago. As stated above, under Fed. R. Civ. P. 37(c)(1), when a party fails to make a disclosure under Fed. R. Civ. P. 26(a), that party may not use that witness to supply evidence at trial "unless the failure was substantially justified or is harmless."

First, Plaintiff's failure to disclose any experts was not substantially justified. In fact, Defendants made Plaintiff aware on numerous occasions, at hearings and even in their own rebuttal expert disclosures, as shown above, that Plaintiff had failed to make any expert disclosures. Yet

even after their failure to file expert disclosures was specifically pointed out, Plaintiff never provided any justification whatsoever for its failure to do so and never attempted to seek an extension of the deadline and to file them late. Plaintiff simply never filed them *even after the issue was brought to Plaintiff's attention*. So, there is *no* justification, substantial or otherwise, for Plaintiff's failure to file expert disclosures under Fed. R. Civ. P. 26(a)(2(A) (unless Plaintiff's actually intent is to not call any expert witnesses).

Plaintiff's failure to disclose any experts also was not harmless. "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a Rule 26(a) violation." *Jacobsen v. Desert Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002). However, the Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

The burden to prove harmlessness is on the party facing sanctions under Rule 37(c)(1), in this case Plaintiff ASI. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir.2001). Defendants will nevertheless apply this analysis to show that Plaintiff's failure to disclose any experts was not harmless to them:

1. "The prejudice or surprise to the party against whom the testimony is offered": Defendants were and are prejudiced by Plaintiff's failure to disclose. First, in an excess of caution, Defendants went to great expense to retain rebuttal experts to Plaintiff's two retained experts and file rebuttal expert disclosures and reports without knowing whether that large expenditure of money on their experts was necessary. More importantly, Defendants still do not know whether

they will need to incur additional expense to prepare either or both of their rebuttal experts for trial because Plaintiff has never given them notice of whether it intends to call any expert witnesses at trial. Plaintiff also has never provided Plaintiff with any notice as to whether it intends to call Craig Bernard, the author of the 2021 expert report in the prior criminal case, as an expert witness in the current case. If so, Plaintiff's failure to disclose him as an expert witness for trial deprived Defendants of the opportunity to prepare any rebuttal to him and his report. Perhaps most importantly, Plaintiff's failure to disclose any expert witnesses for trial deprived Defendants of the opportunity to depose any of Plaintiff's experts without having to risk wasting even more money on such discovery without knowing if Plaintiff intended to call any or all of them at trial.

    2.    "The ability of the party to cure the prejudice": The only cure for the prejudice to Defendants would create tremendous additional prejudice to Defendants as that cure would be for Plaintiff to be allowed to file such a disclosure now. However, it is seven months past the deadline for initial expert disclosures, and discovery closed on June 13, 2025, after more than a year. To allow Plaintiff to make such disclosures now would severely prejudice Defendants by depriving them of any opportunity to depose the disclosed experts or take any other discovery regarding those experts, and if Plaintiff were to include Mr. Bernard, it would deprive Defendants of the opportunity to prepare any rebuttal to him. Reopening discovery to allow Defendants to do these things would cause Defendants to suffer tremendous additional expense in their needing their rebuttal experts to review the additional discovery and revise their reports. This would also delay these proceedings by many more months, which would be highly prejudicial to Defendants, who have been entangled in this litigation at great time, expense, and disruption to their business already for over 15 months.

3. "The extent to which introducing such testimony would disrupt the trial": No trial date has yet been set, so although Defendants do claim that denying this Motion would severely prejudice them as discussed above, they do not claim that it would disrupt the trial.

4. "The moving party's bad faith or willfulness": As discussed above, Plaintiff not only failed to file any expert disclosure at all under Rule 26(a)(2)(A) by the December 13, 2024, deadline, but when it was pointed out to Plaintiff that it had failed to do so, at no time in the past seven months did Plaintiff ever even seek leave of Court to file such a disclosure late. Thus, Plaintiff's failure to file an expert disclosure either was self-apparently willful or should be interpreted as Plaintiff's intent to not call any expert witnesses.

In balancing the factors to be considered to determine justification and harmlessness – which again is actually *Plaintiff's* burden to prove, the circumstances strongly demonstrate that there was no justification whatsoever for Plaintiff's failure to designate any experts and that their failure to do so was far from harmless and, indeed, severely prejudicial to Defendants.

Because Plaintiff failed to disclose any expert witnesses for trial, because there is no justification whatsoever for that failure, and because that failure to disclose was not harmless, Plaintiff should be precluded under Fed R. Civ. P. 26(a)(2)(A) and Fed. R. Civ. P. 37(c)(1) from calling any expert witnesses at trial.

> **2. To the Extent That Plaintiff Is Permitted to Call Expert Witnesses at Trial Notwithstanding Its Failure to Disclose Any Such Experts for Trial, Plaintiff Should Be Precluded From Calling James Harrington as an Expert Witness Under Fed. R. Civ. P. 37(c)(1) for Failing to Disclose the Facts and Data That He Considered in Forming His Opinions and Conclusions Pursuant to Fed. R. Civ. P. 26(a)(2)(B)(ii).**

The reports of retained experts are required to include, *inter alia*, "the facts or data considered by the witness in forming" all opinions that he will express at trial. Fed. R. Civ. P. 26(a)(2)(B)(ii). As discussed above, in the Harrington Report, James Harrington provided a

purported "Listing of Documents and Information Considered" that identified all of the evidence in the case that he reviewed *only by ASI Bates stamp numbers with no substantive identification of any of those documents*. (Harrington Report, Attachment B). However, in ASI's production of documents to Defendants in its initial disclosures and throughout discovery in this case, *ASI never Bates-stamped any documents*, so Mr. Harrington's "Listing of Documents and Information Considered" did not actually identify *any* evidence that he reviewed or relied upon in his report.

As discussed above, under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Also as discussed above, the burden to prove harmlessness is on Plaintiff ASI. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106; *Wilson*, 250 F.3d at 21.

The four-pronged analysis of *Jacobsen,* 287 F.3d at 953, discussed above applies to this issue as well:

1. "The prejudice or surprise to the party against whom the testimony is offered": The failure of Mr. Harrington and ASI to identify any of the evidence reviewed by him and on which he relied in forming his opinions is severely prejudicial to Defendants in that it deprived them and their retained expert of any explanation of the basis and foundation for his opinions and conclusions with regard to ASI's alleged damages as required under Fed. R. Evid. 702 and therefore any ability to fully and properly defend against and refute those opinions and conclusions.[4]

---

[4] Defendants have filed a separate and concurrent motion to strike Mr. Harrington as an expert witness pursuant to Fed. R. Evid. 702 based on his lack of any evidentiary foundation and lack of sound methodology for his opinions and conclusions.

9

2. "The ability of the party to cure the prejudice": The only cure for the prejudice to Defendants would create tremendous additional prejudice to Defendants as that cure would be for Plaintiff to be allowed to file and amended report by Mr. Harrington identifying his evidentiary sources now. However, as discussed above, it is seven months past the deadline for initial expert disclosures, and discovery closed on June 13, 2025, after more than a year. To allow Plaintiff to make such disclosure now would severely prejudice Defendants by causing them to suffer tremendous additional expense in their needing their rebuttal expert to review this newly provided information and revise his report. This would also delay these proceedings by many more months, which would be highly prejudicial to Defendants, who have been entangled in this litigation at great time, expense, and disruption to their business already for over 15 months.

3. "The extent to which introducing such testimony would disrupt the trial": As discussed above, no trial date has yet been set, so although Defendants do claim that denying this Motion would severely prejudice them as discussed above, they do not claim that it would disrupt the trial.

4. "The moving party's bad faith or willfulness": It appears that Plaintiff provided Mr. Harrington with a Bates-stamped version of documents that Plaintiff previously produced to Defendants in discovery *without* Bates stamp numbers. Defendants do not ascribe a motive to Plaintiff as to why they did not provide them with the same Bates-stamped documents that they provided to Mr. Harrington or have evidence of intentional bad faith, but Defendants do state that these actions were solely in Plaintiff's control, so Plaintiff should be held accountable for the consequences of those actions.

In balancing the factors to be considered to determine justification and harmlessness – which again is actually Plaintiff's burden to prove - the circumstances strongly demonstrate that

there was no justification whatsoever for Plaintiff's failure to identify the evidence reviewed by James Harrington and upon which he relied in formulating his opinions and conclusions and that Plaintiff's failure to do so was far from harmless and, indeed, prejudicial to Defendants.

Because Plaintiff failed to identify that evidence, because there is no justification for that failure, and because that failure was not harmless, Plaintiff should be precluded under Fed. R. Civ. P. 26(A)(2)(B)(ii) and Fed. R. Civ. P. 37(c)(1) from calling James Harrington as an expert witnesses at trial.

Wherefore, the foregoing considered, Defendants Colorado Pond and Lake LLC, Silas Sims, Philip Hirshman, and Noel Browning, by and through their undersigned attorneys, respectfully request that this Honorable Court preclude Plaintiff from calling any experts at trial, or, in the alternative, to preclude Plaintiff from calling James Harrington as an expert witness, pursuant to Federal Rules of Civil Procedure 26(A)(2) and 37(c)(1).

Respectfully submitted on July 21, 2025.

By: s/ Ken Falkenstein
Ken Falkenstein, Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
Email: kfalkenstein@coloradolawyers.com
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

s/ Ken Falkenstein
Ken Falkenstein