# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-03394-RMR-NRN

AQUA SIERRA, INC., a Colorado Corporation

Plaintiff,

v.

COLORADO POND AND LAKE, LLC, *et al.*,

Defendants.

---

## DEFENDANTS' F.R.C.P. 26(a)(2) DISCLOSURE OF REBUTTAL EXPERT WITNESSES

---

Defendants Colorado Pond and Lake, LLC, Silas Sims, Philip Hirshman, and Noel Browning, by and through their attorneys, IRWIN FRALEY, PLLC, hereby submit the following F.R.C.P. 26(a)(2) Disclosure of Rebuttal Expert Witnesses, and state as follows:

The testimony of any retained or other experts designated herein may be offered either live or by deposition at the trial of this matter. The opinions discussed by the experts in their reports and in the descriptions below are all given to a reasonable degree of probability within their respective fields of expertise and are based on the experts' respective education, training, and experience.

It is expected that each of the retained experts listed herein will listen to and/or review both the deposition and trial testimony of any and all of Plaintiff's expert and fact witnesses, and Plaintiff is on notice that Defendants' experts will comment on the testimony of Plaintiff's expert and fact witnesses.

Defendants expect that Plaintiff may depose Defendants retained experts and explore the basis of their expected testimony. Each expert Defendants have retained will testify as to the matters outlined in their reports. Defendants reserve the right to supplement this disclosure with additional opinions expressed by any expert at his or her deposition.

Discovery is ongoing. Defendants may depose Plaintiff's expert and fact witnesses and, if so, those depositions will occur after the date of this disclosure. Defendants' experts will review any such depositions and be prepared to comment on that testimony at trial.

Defendants' experts will also review any additional relevant material produced between now and the time of trial. Defendants reserve the right to supplement the opinions of the experts designated herein as additional information becomes available during this case, both in discovery and at trial. If the additional records or testimony produced after this designation is filed amends the expected testimony of Defendants' retained experts, Defendants will timely supplement this designation and allow the Plaintiff the opportunity to re-depose Defendants' experts if deemed necessary.

Defendants reserve the right to challenge, object, and move to strike or limit the deposition and/or trial testimony of any of Plaintiff's designated experts pursuant the Federal Rules of Evidence, Federal Rules of Civil Procedure, or relevant case law. Nothing in this designation should be considered a waiver of the right to challenge, object, or move to strike or limit the testimony of any of Plaintiff's designated experts.

Defendants anticipate using various exhibits in connection with or to illustrate the testimony of expert witnesses. Due to the current stage of this case, however, it is not currently possible to state what exhibits, documents, materials, etc., will be used to explain or illustrate expert testimony. Defendants reserve the right to supplement this disclosure through supplemental

2

disclosures or in a listing of exhibits to be used, offered, or introduced at trial. Defendants' experts may also use any of the documents previously disclosed in this matter as exhibits.

Defendants reserve the right to call any experts designated by Plaintiff, either live or by deposition, at trial. Defendants also reserve the right to call rebuttal witnesses where appropriate and permissible pursuant to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and relevant case law. Defendants further reserve the right to call any witnesses necessary to provide the authentication and/or foundation testimony required for the use and/or introduction of illustrative or demonstrative evidence.

In addition to the opinions discussed below, it is anticipated that each non-retained expert called to testify at trial will testify regarding the facts and circumstances involved in this matter, including their interactions with Defendants and any other person(s) with whom they had interactions relevant to this matter as well as opinions they may have formed resulting from those interactions.

The experts identified below are further expected to offer testimony regarding their education, training, and experience in their respective fields of practice or specialty, their familiarity with research, literature, and publications relevant to issues involved in this case, their knowledge and experience in their respective fields, their review of the relevant records and other physical evidence, depositions, other case materials provided, and the relevant facts that support their opinions.

Case No. 1:23-cv-03394-RMR-NRN    Document 81-1    filed 07/21/25    USDC Colorado
pg 3 of 5

**RETAINED EXPERTS – F.R.C.P. RULE 26(a)(2)(B)**

Wade C. Roberts, Ph.D.
Roberts Forensics
8 6 7 Wellington Dr.
Kaysville, UT 84037

Dr. Roberts is a forensic economist retained by Defendants in rebuttal to the report of James Harrington, CPA, CFF, CVA.[1] His testimony is expected to be consistent with his attached report, which is incorporated herein and sets forth the items that he reviewed, his methodologies, his findings, his opinions and conclusions, and his bases therefor. Dr. Roberts' CV and invoices to date are also attached. The cases in which he has testified were previously provided to Plaintiff's counsel.

Steven G. Burgess, CFC, BSBA
Burgess Forensics
3421 Empresa Drive, Suite B
San Luis Obispo, CA 93401

Mr. Burgess is a specialist in computer and digital forensics retained by Defendants in rebuttal to the report of Chris Mammarella.[2] His testimony is expected to be consistent with his attached report, which is incorporated herein and sets forth the items that he reviewed, his methodologies, his findings, his opinions and conclusions, and his bases therefor. Mr. Burgess' CV and estimate for his services are also attached. A summary of Mr. Burgess' court and deposition appearances is contained in his CV.

---

[1] Although a report by Mr. Harrington was produced to Defendants by Plaintiff, Plaintiff did not designate Mr. Harrington as an expert as required under F.R.C.P. 26(a)(2)(A). Defendants' designation of Dr. Roberts as a rebuttal expert witness is made in an excess of caution and does not constitute a waiver of their position that Mr. Harrington was not properly designated as an expert witness by Plaintiff.

[2] Although a report by Mr. Mammarella was produced to Defendants by Plaintiff, Plaintiff did not designate Mr. Mammarella as an expert as required under F.R.C.P. 26(a)(2)(A). Defendants' designation of Mr. Burgess as a rebuttal expert witness is made in an excess of caution and does not constitute a waiver of their position that Mr. Mammarella was not properly designated as an expert witness by Plaintiff.

Respectfully submitted on April 4, 2025.

By: s/ Ken Falkenstein
Ken Falkenstein, Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
Email: kfalkenstein@coloradolawyers.com
Attorneys for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, I presented the foregoing to counsel for Plaintiff by hand-delivery.

s/ Ken Falkenstein
Ken Falkenstein

5