# Respondent's Appendix

1.    Cyopsis Report…………………………… pages 1-11

2.    Plaintiff's Initial Disclosure Coversheet….pages 12-21

3.    Notice of Deposition………………………pages 22-26
      (Expert Christian Mammarella, EnCe)

4.    Harrington Disclosure………………….....pages 27-33

5.    Counsel Emails Re: Contents of Report...pages 34-40

6.    Bates Label Stipulation……………………pages 41-44

7.    Bates Log…………………………………...pages 45-48

# Cyopsis Report

1



**Cyopsis**

Digital Forensics, eDiscovery
& Investigations
www.Cyopsis.com

# Forensic Analysis Report

**June 24, 2021**

| | |
|---|---|
| **Prepared for:** | **Mr. Forrest Morgan**<br>**Morgan & Associates, LLC** |
| **Case:** | **Aqua Sierra Fisheries Consultants** |
| **Primary Investigator:** | **Craig Bernard, ACE**<br>**President** |

**Cyopsis**

8668 Concord Center Drive

Englewood, CO 80112

Office (303) 872-9231

**Confidential Information**

This Expert Report contains confidential case information, client systems information as well as proprietary tools and methodologies from Cyopsis. The client must approve further reproduction or distribution of this document.

# Specific Statement Of The Opinions By The Expert And The Facts And Other Information Specifically Relating To And Forming The Basis For Each Opinion

## I.    Introduction

Date of Report:                                June 16, 2021

Forensic Examiner & Report Author:    Craig Bernard, ACE
                                                      President

I am the founder, President and CFO of Cyoptions, LLC, a Colorado limited liability company d/b/a Cyopsis, which is located in Denver, Colorado ("Cyopsis"). My CV is attached to this report as Appendix A. In 1992, I earned my Bachelor of Science from Emporia State University in Business with a double major in Management and Business Administration with an Emphasis in Accounting. In 1997, I obtained a Master of Business Administration from Baker University in Baldwin City, Kansas. Since 2009, I have been President and CFO of Cyopsis. I am a licensed Private Investigator in the states of Colorado and Texas, hold an AccessData Certified Examiner certification as a Digital Forensic Examiner, and have been an expert witness.

The business of Cyopsis is forensic data collection, investigation, analysis, and discovery production. Cyopsis has experience in a wide range of industries and complex matters, from sensitive government investigations to corporate operations and civil and criminal litigation. Our services include the full scope of the EDR Model and more: ESI identification and mapping, forensic preservation and processing of a variety of data; complex computer forensics analysis; early case assessment; hosted review platform with advanced analytics; full litigation and trial support; expert witness support; data breach response; and a full range of investigative and technical countermeasures. I have been involved in over 500 court cases in federal and states courts, including Colorado, California, Missouri, Kansas, Utah, Montana, Wyoming, New Mexico, Louisiana, Florida, New York, and Texas. I have been engaged as an expert witness in computer forensics and investigation on over 50 different occasions.

I work with law enforcement and government agencies to assist them in computer forensics investigations also. I have worked with the Federal Bureau of Investigation, US Marshalls, Securities and Exchange Commission, and several local law enforcement agencies.

3

I hold myself out as an expert in computer and electronic device forensics investigation and analysis. I am serving in the role as a technical consultant for Aqua Sierra Fisheries Consultants. I hold the observations and opinions in this report to a reasonable degree of computer and electronic device forensic investigation and analysis certainty.

**Purpose of Investigation:**

Cyopsis was engaged by Mr. Forrest Morgan of Morgan & Associates, LLC (COUNSEL) to conduct a forensic examination of digital evidence regarding the complaint against Mr. Silas Sims, a former employee of Aqua Sierra Fisheries Consultants. Specifically, Cyopsis was hired to:

1. Preserve Electronically Stored Information (ESI) from digital devices and cloud-based data used by Mr. Silas Sims during his employment with Aqua Sierra Fisheries utilizing industry standard forensic imaging processes.

2. Analyze the ESI for Aqua Sierra Fisheries Consultants information based on guidance from COUNSEL.

3. Draft a report explaining the findings of the investigation of Mr. Sims' ESI, including explanation of the types of documents and information that Mr. Sims maintained on their electronic devices, the items that were deleted, and the items that were downloaded to other electronic devices yet not provided to Cyopsis for forensic investigation and analysis.

**Devices Inspected and Dates of the Investigation**

To aid in the investigation into the complaint against Mr. Sims, his work issued devices were provided to Cyopsis for analysis. Specifically, Cyopsis was provided with and examined the following devices from the Defendants:

| | | |
|---|---|---|
| Evidence Item | : | 1737-002-001 |
| Received From | : | Kendra L. Holmes |
| Date Imaged | : | N/A |
| Reported User | : | Silas Sims |
| Source Type | : | Cellular Phone |
| Make and Model | : | iPhone |
| Serial Number | : | N/A |
| | | |
| Evidence Item | : | 1737-002-002 |

4

| | | |
|---|---|---|
| Received From | : | Kendra L. Holmes |
| Date Imaged | : | 02/24/2021 |
| Reported User | : | Silas Sims |
| Source Type | : | Laptop |
| Make and Model | : | Asus GL752V |
| Serial Number | : | GN0CV05X845366 |
| | | |
| Evidence Item | : | 1737-002-003 |
| Received From | : | Kendra L. Holmes |
| Date Imaged | : | 02/24/2021 |
| Reported User | : | Silas Sims |
| Source Type | : | Desktop |
| Make and Model | : | Cooler Master |
| Serial Number | : | 5IL652KKN21154800011 |

**Tools, Processing & Analysis**

The Images were created and examined by Cyopsis using the following industry standard forensic software and
hardware:

- Paladin Toolbox v 7.02
- AccessData® Forensic Toolkit (FTK) v 6.4.0.70
- AXIOM 4.10.0.23663 Magnet Forensics® Inc.
- USB Detective v 1.4.1

It is my understanding that the Client provided for inspection any electronic devices (computers, telephones,
thumb drives, external hard drives, flash drives, CDs, etc.) that are property of Aqua Sierra Fisheries Consultants
and were issued to Mr. Sims to use during his period of employment.

As explained further below, I believe that Mr. Sims purposefully destroyed potential evidence on two of the
devices issued by the Client. Mr. Sims also downloaded data from and completed a mass deletion of data from
the Client's OneDrive account. Furthermore, he copied a database file that contained proprietary/confidential
information to an external drive, which did not belong to the Client. Cyopsis did not have access to that external
drive for investigation.

5

**Results of Investigation and Expert Opinions, Including the Basis For the Opinions:**

1. The Client owned cell phone reported to be used by Mr. Sims could not be imaged or analyzed because the SIM card was missing, which disabled the phone. This hindered our ability to investigate the phone for any potential evidence of Mr. Sims activities on the phone. The Client confirmed that the cell phone was returned to them by Mr. Sims without the SIM card.

2. After the laptop was imaged, analysis of the data showed that the operating system had been reinstalled on the device, which effectively deleted/wiped all data previously stored on the device. The image was processed in our FTK software and data craving was completed. Unfortunately, no user specific data was recovered. The Client confirmed that the laptop was returned to them by Mr. Sims after the operating system reinstallation.

3. The evidence found on the desktop was limited. The Client reported that Mr. Sims used the laptop to remote into the desktop when needed. There is evidence that the Client's database file "*ASI Data 2019 Frontend.accdb*" was accessed on the desktop on December 14, 2020, from a removeable drive. The external drive with the serial number AA04012700012427 has not yet been provided to Cyopsis for preservation and analysis. Attachment A contains a report from USB Detective showing the details from Windows system logs.

4. Office365 logs provided by the Client contain entries showing Date, Time, Action Taken, User ID, and IP used to access this instance of Office365. Attachment B is summary of the logs from January 4, 2021 through February 1, 2021. Below are the key observations:

   a. There are 10 IP addresses likely used by Mr. Sims.

   b. Evidence of a mass deletion, 2,468 files, on 02/01/21 by an IP address likely used by Mr. Sims.

   c. Evidence of multiple instances of file downloads by an IP address likely used by Mr. Sims.

      i. 01/21/21 ~ 16 files

      ii. 01/26/21 ~ 257 files

**Recommended Additional Analysis**

I recommend that Mr. Sims personal electronic devices be collected, and the data preserved for analysis, with focus on recovering the external drive with the serial number AA04012700012427 to verify the contents of the

6

drive. I also recommend that any cloud-based data belonging to Mr. Sims be collected and preserved for analysis.

I certify that I have prepared this report and signed the report, and I hold the foregoing opinions to a reasonable degree, or in some cases discussed above to a complete degree, of computer forensic and analysis certainty.


___ _____

Craig Bernard, ACE

President

Cyopsis

7

# Office 365 Logs

| Count of Files | Operation | | | | | | Whols Location | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Silas Travel - Potential | Silas Phone - Potential |
| | | | | | | | Aqua Sierra – Potential | Silas Other - Potential |
| IP - User | FileDeleted | FileDownloaded | FileModified | FileMoved | FolderDeleted | | | Unknown |
| **107.2.173.49** | **2,468** | **9** | **6** | **16** | **104** | **Comcast - Denver** | | |
| asiserver@aqua-sierra.com | 2,468 | 9 | 6 | 16 | 104 | | | |
| 18-Jan | | | | 1 | | | | |
| 26-Jan | | | | 15 | | | | |
| 1-Feb | 2,468 | | | | 104 | | | |
| sdsims4@aqua-sierra.com | | 9 | 6 | | | | | |
| 6-Jan | | | 2 | | | | | |
| 7-Jan | | 9 | | | | | | |
| 19-Jan | | | 1 | | | | | |
| 21-Jan | | | 1 | | | | | |
| 26-Jan | | | 1 | | | | | |
| 27-Jan | | | 1 | | | | | |
| **174.198.169.133** | | **16** | | | | **Verizon Wireless** | | |
| sdsims4@aqua-sierra.com | | 16 | | | | | | |
| 21-Jan | | 16 | | | | | | |
| **209.181.69.95** | **1** | | | | **1** | **CenturyLink - UNKN** | | |
| asiserver@aqua-sierra.com | 1 | | | | 1 | | | |
| 10-Jan | | | | | 1 | | | |
| 11-Jan | 1 | | | | | | | |
| **24.128.35.151** | **33** | | | **43** | **8** | **Comcast - UNKN** | | |
| asiserver@aqua-sierra.com | 33 | | | 43 | 8 | | | |
| 4-Jan | | | | 7 | 1 | | | |
| 5-Jan | 1 | | | | 1 | | | |
| 7-Jan | 18 | | | 33 | 4 | | | |
| 8-Jan | 1 | | | | 1 | | | |
| 18-Jan | 5 | | | | 1 | | | |
| 19-Jan | | | | | 1 | | | |
| 20-Jan | 7 | | | 2 | 1 | | | |
| 22-Jan | 1 | | | | | | | |
| 25-Jan | | | | 1 | 1 | | | |
| **4.28.96.225** | | | | **1** | **1** | **Level 3 - Longmont** | | |
| asiserver@aqua-sierra.com | | | | 1 | | | | |

# Office 365 Logs

| Count of Files IP - User | Operation FileDeleted | FileDownloaded | FileModified | FileMoved | FolderDeleted | Whols Location | Silas Travel - Potential / Aqua Sierra - Potential / Unknown | Silas Phone - Potential / Silas Other - Potential |
|---|---|---|---|---|---|---|---|---|
| 27-Jan | | | | | | | | |
| 40.89.245.221 | | 1 | | 1 | | E.I. du Pont de Nemours - Des Moines | | |
| sdsims4@aqua-sierra.com | | | 1 | | | | | |
| 26-Jan | | 1 | | | | | | |
| sdsims4@aqua-sierra.com | | 1 | | | | | | |
| 26-Jan | | | | | | | | |
| 40.89.245.239 | | 1 | | | | E.I. du Pont de Nemours - Des Moines | | |
| sdsims4@aqua-sierra.com | | 1 | | | | | | |
| 26-Jan | | 1 | | | | | | |
| sdsims4@aqua-sierra.com | | | | | | | | |
| 52.108.181.1 | 5 | 1 | 3 | | | E.I. du Pont de Nemours - Cheyenne | | |
| 26-Jan | | | | | | | | |
| sdsims4@aqua-sierra.com | 5 | | 3 | | | E.I. du Pont de Nemours - Cheyenne | | |
| 27-Jan | 5 | | 3 | | | | | |
| 52.109.0.21 | | | 3 | | | E.I. du Pont de Nemours - Cheyenne | | |
| sdsims4@aqua-sierra.com | | | 3 | | | | | |
| 27-Jan | | | 3 | | | | | |
| 52.153.156.178 | | 1 | 3 | | | E.I. du Pont de Nemours - Cheyenne | | |
| sdsims4@aqua-sierra.com | | 1 | | | | | | |
| 26-Jan | | 1 | | | | | | |
| sdsims4@aqua-sierra.com | | 1 | | | | | | |
| 52.154.239.101 | | | 1 | | | E.I. du Pont de Nemours - Des Moines | | |
| 26-Jan | | 1 | | | | | | |
| sdsims4@aqua-sierra.com | | | 1 | | | | | |
| 26-Jan | | | 1 | | | | | |
| 52.154.239.62 | | 1 | | | | E.I. du Pont de Nemours - Des Moines | | |
| sdsims4@aqua-sierra.com | | 1 | | | | | | |

# Office 365 Logs

| Silas Travel - Potential | Silas Phone - Potential |
|---|---|
| Aqua Sierra - Potential | Silas Other - Potential |
| Unknown | |

| Count of Files — IP - User | Operation FileDeleted | FileDownloaded | FileModified | FileMoved | FolderDeleted | WhoIs Location |
|---|---|---|---|---|---|---|
| 26-Jan | | | | | | |
| 52.154.239.84 | | 1 | | | | E.I. du Pont de Nemours - Des Moines |
| sdsims4@aqua-sierra.com | | | | | | |
| 26-Jan | | 1 | | | | |
| 67.165.252.52 | | | | 3 | | Comcast - Erie |
| asiserver@aqua-sierra.com | | | | | | |
| 28-Jan | | | | 3 | | |
| 71.56.206.129 | 7 | | | 16 | 2 | Comcast - Denver |
| asiserver@aqua-sierra.com | | | | | | |
| 13-Jan | | | | 5 | 2 | |
| 15-Jan | | | | 1 | | |
| 16-Jan | 1 | | | 2 | | |
| 17-Jan | | | | 2 | | |
| 18-Jan | | | | | | |
| 20-Jan | | | | 6 | | |
| 28-Jan | 2 | | | | | |
| 1-Feb | 4 | | | | | |
| 73.153.111.51 | | 252 | | | | Comcast - Denver |
| sdsims4@aqua-sierra.com | | | | | | |
| 26-Jan | | 252 | | | | |
| 76.25.174.54 | 18 | | | | 23 | Comcast - Castle Rock |
| asiserver@aqua-sierra.com | | | | | | |
| 18-Jan | 18 | | | | 23 | |
| 18-Jan | | | | | 1 | |
| 25-Jan | | | | | 1 | |
| 26-Jan | | | | | 15 | |
| 27-Jan | 1 | | | | 6 | |
| 8.42.68.58 | 1,072 | | | 16 | 420 | Level 3 - Boulder |
| asiserver@aqua-sierra.com | | | | | | |
| 10-Jan | 1,072 | | | 16 | 420 | |
| 10-Jan | | | | 12 | 418 | |
| 12-Jan | 1,071 | | | 4 | 2 | |

## Office 365 Logs

| Count of Files | Operation | | | | | | | Silas Travel - Potential | Silas Phone - Potential |
|---|---|---|---|---|---|---|---|---|---|
| IP - User | FileDeleted | FileDownloaded | FileModified | FileMoved | FolderDeleted | WhoIs Location | | Aqua Sierra - Potential | Silas Other - Potential |
| | | | | | | | | Unknown | |
| 14-Jan | 1 | | | | | | | | |
| 8.42.69.21 | 12 | | | 44 | | Level 3 - Morrison | | | |
| asiserver@aqua-sierra.com | 12 | | | 44 | | | | | |
| 4-Jan | 3 | | | | | | | | |
| 18-Jan | 7 | | | 43 | | | | | |
| 19-Jan | 2 | | | 1 | | | | | |
| Grand Total | 3,616 | 282 | 13 | 139 | 558 | | | | |

**Plaintiff's Initial Disclosure Coversheet**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23cv-03394- RNR-NRN

AQUA SIERRA,INC., a Colorado
Corporation,

Plaintiff,

v.                                           **JURY TRIAL DEMANDED**

COLORADO POND AND LAKE, LLC, a
Colorado Limited Liability Company, et al.

Defendants,

### PLAINTIFF AQUA SIERRA, INC.'S RULE 26(a) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 16.1,

Plaintiff, AQUA SIERRA, INC., makes the following initial disclosures:

### A. Witnesses

The following individuals are likely to have discoverable information that AQUA SIERRA, INC.

may use to support its claims:

(See Spreadsheet of witnesses and contact information attached as Exhibit 1 attached hereto. A

digital copy of this Exhibit has been provided to counsel for Defendant.)

### B. Documents and Tangible Things

The following is a description by category and location of all documents, electronically stored

information, and tangible things in AQUA SIERRA, INC'S possession, custody, or control that

AQUA SIERRA, INC. may use to support its claims:

1

13

1. Documents regarding the following topics have been delivered electronically to counsel for
   Defendants:

   (a)  Correspondence;

   (b)  Damages;

   (c)  Employee Matters;

   (d)  Forensic Reports;

   (e)  Jefferson County District Attorney and Jefferson County Sherriff's Office
        Investigation;

   (f)  Photos;

   (g)  Videos; and

   (h)  Witness list and Contact Information.

## C. Computation of Damages

The following is a computation of each category of damages claimed by AQUA SIERRA, INC.

Documents supporting each claim will be made available for inspection and copying at the office

of Plaintiff's counsel when the experts are identified and the supplemental reports issued.

1. Lost Profits

    A. Gross Profit and Gross Income were derived from the ASI-provided financials for the
    period of 2012 through 2023.

    B.  Microsoft Forecasting application was utilized to forecast values for 2021 through
    2023. This application is summarized by Microsoft as follows.

2. Methodology

        A.  ASI Gross Profit was extracted from ASI-provided accounting records. The
        analysis was for the five accounting functions of Consulting, Installation,
        Maintenance, Chemical and Fish.

        B.  Forecast Total Income: Utilizing the Microsoft Forecast application, Total

        Income for the years 2021 through 2023 were forecast based on the nine years of
        2012 through 2020.

        C.  Forecast Gross Margin: Utilizing the Microsoft Forecast application, Gross

        Profit margins were forecast for the years 2021 through 2023 based upon the
        years 2012 through 2020.

15

D.  Forecast Damages: Utilizing the Microsoft Forecast application, Total Income

and Forecast Gross Profit Margins, the variance to actual ASI results for the years

2021 through 2023 were calculated.

E.  Result: The resulting Forecast Gross Profit Damages is $469,770.00 at a

minimum and as of December 31, 2023. It is probable damages will continue to

accrue.

F.  Limitations: The above analysis represents a mathematical process identifying

damages caused by Defendants. This is an initial analysis subject to further

supplementation by expert(s), including, but not limited to exemplary damages,

statutory damages, attorney's fees, costs, pre- and post judgement interest, etc.—

and otherwise determined by expert(s).

3.  Unjust Enrichment

This computation is based on the amount of monetary damage the Defendants derived from
the misappropriation. This is be based upon the amount of business lost by Plaintiff that was
taken by Defendants.

4

4.  Royalties

This computation only comes into play if neither damages nor unjust enrichment caused by
misappropriation are provable.

5.  Exemplary Damages

If willful and malicious misappropriation exists, the court may award exemplary damages.

6.  Reasonable Attorney Fees and costs

Total damages claim: Unknown at this time, but it certainly exceeds $500,000.00

**D. Insurance**

Plaintiff is not aware of any insurance agreement(s) that may cover all or part of a possible

judgment in this case.

Dated: May 14, 2024
Respectfully Submitted,

17

s *John P. Schmitz,Esq.*
Law Offices of John P. Schmitz, P.C.
1001 Bannock Street, Suite #426
Denver, CO 80204
Telephone: (303) 219-9430
E-mail: john@schmitzlegal.com;
Attorney for Plaintiff

s *Charles Thorne*
Law Offices of John P. Schmitz, P.C.
1001 Bannock Street, Suite #426
Denver, CO 80204
Telephone: (303) 330-1455
E-mail: thorne@schmitzlegal.com
Attorney for Plaintiff

18

| NO. | NAME | EMPLOYER | ADDRESS | PHONE | EMAIL | SUBJECT OF TESTIMONY |
|---|---|---|---|---|---|---|
| | William Logan | ASH FOUNDER | 8350 S. Mariposa Dr., Morrison, CO 80465 | (303) 907-2466 | | Founding of company, his role gathering 30 years experience creating Proprietary information for ASI. ASI business records and practices. his contacts with each of the defendants and the damages they have caused to his business. |
| | Tiffani Munoz, Controller | CC Riff, Inc | 3440 Youngfield St PMB 418, Wheat Ridge, CO 80033 | (720) 668-8200 | | Accounting records and sales records for the years from 2015 through to the present. |
| | Kendra Holmes | ASI President | | (303) 872-9231 | | ASI President, will testify as to employment of Defendants, their job performance while At ASI, the desire in job performance by Sims, Security and protection of Trade Secrets, the value of the information, the fact that it is protected information. She will testify as to Security arrangements and protocols to insure security for trade Secrets, including the use of Passwords and overall security methodology. She will also testify that the trade Secrets provided an economic value to ASI. |
| | Craig Bernard | Cypolis-President | | 303.872.9231 | | Forensic Analysis Report-Examination of Computer network-Report dated June 24, 2021 |
| | Christian Mammarella | Vestige, Ltd Designated Rep. for Colo Pond and Lake | 6666 Concord Dr. Englewood, CO 80112 | 303.872.9231 | | Same as above with Supplemental report |
| | Silas Sims | Colo. Pond and Lake | | | | |
| | Philip Hirchman | Colo. Pond and Lake | | | | |
| | Noel Browning | Colo. Pond and Lake | | | | |
| | Forrest Morgan | Morgan & Associates LLC | 1873 S. Bellaire St. Ste 1200, Denver, CO 80222 | (303) 900-9168 | | Evidence retention letters |
| | All persons who worked at ASI 2015-present | Employment History | | | | |
| 7 | Robert Forsyth | 01/1990 to present (part time engineer) | Bailey, CO | (720) 299-5306 | | |
| 9 | Brian Shipley | 01/1993 to 12/2021 (maintenance technician) | 620 G. Overland Trl, Fort Collins, CO 80521 | (303) 218-8875 | | |
| 8 | Greg Stayles | 5/1/2018 to 04/2022 (biologist) | 3125 Perry St. Denver, CO 80212 | (603) 359-0949 | | |
| 7 | Kate Gonzalez | 05/2020 to 08/2021 (biologist) | Colorado Springs, CO | (219) 229-7846 | | |
| 8 | Brandon McKinney | 10/2009 (subcontractor) | Denver, CO | (720) 409-2792 | | Stated that Silas and Phil, while on an ASI Capital Management Project in September/October 2020, discussed stuffing their own business. Brandon was a tenant of Mrs. Holmes and this conversation occurred May/June 2021 when his lease ended |
| 8 | Justin Hubertz | 10/2020 (subcontractor) | Colorado Springs, CO | | | Justin also worked on the same project with Brandon, Silas, and Phil in Longmont in September/October 2020. He is now married to Kate (employee; see above) |
| 8 | Matt Meier | 04/2016 to 02/2020 (biologist) | Alabama | (303) 246-3455 | | |
| # | Nick Franco-Hedlock | 07/2018 to 09/2018 (intern) | Unknown | (303) 667-7515 | | |
| # | David Bonomo | 05/2019 to 12/2019 (intern; marketing) | United Nations University | (970) 402-1264 | | |
| # | Ethan Wood | 05/2016 to 12/2017 (biologist) | University of Osio, Sweden | (602) 922-6867 | | |

| Name | Affiliation / Date | Location | Client Type | Description |
|---|---|---|---|---|
| # Jeff Rodriguez | 05/2017 to 10/2017 (intern) | Unknown | (970) 980-5160 | |
| # Jennifer Decker | 07/2015 to 02/2016 (part-time data entry) | Morrison, CO | (303) 931-2206 | |
| # Jerome Jamison | 04/2015 to 04/2016 (maintenance technician) | Unknown | (303) 729-9840 | |
| # Eleni Streett | 01/2008 to 10/2016 (biologist) | Conifer, CO | (720) 556-8866 | Worked with Noel at Solitude |
| # William McBride | 01/2006 to 1/2015 (maintenance technician) | Conifer, CO | (303) 809-2540 | |
| MA suppliers who claimed Sites made statements regarding FW | | | | |
| 1 Scott Weaver | Spotted Tail Fish Hatchery | 1356 SB Rd, Mitchell, NE 69357 | (303) 586-9416 | In 2022, Sites asked for a side-sourced supplier deal |
| Expert Witness to testify regarding damages | | | | To testify as to Trade Secrets in the industry of Lake and pond water treatment and the value they bring to the owner. |
| An unidentified Aqua Biologist | | | | To testify as to damages in this case |
| An unidentified Certified Public Accountant | | | | |
| An unidentified Statistician | | | | To testify as to the methodology of calculating damages and the damages suffered by Plaintiff |
| An unidentified Forensic Analyst | | | | Will testify as to the methodology of approach to the supplemental report to be issued in the future |
| All Jefferson County Sheriff's deputies or investigators | | | | |
| Deputy Cheyenne Hudson | Jeffco Sheriff's Office | 200 Jefferson County Pkwy, Golden, CO 0401 | (303) 271-5146 | Involved in criminal investigation of Silas Sims |
| Detective Dimitri Manka | Jeffco Sheriff's Office | 201 Jefferson County Pkwy, Golden, CO 0401 | (303) 271-5148 | Involved in criminal investigation of Silas Sims |
| All Members of the Jefferson County District Attorney's Office | | | | |
| Criminal Investigator Joseph Montoya | Jefferson County DA Office | 500 Jefferson County Pkwy, District Attorney Bldg, Golden, CO 80401 | (303) 271-6877 | Involved in criminal investigation of Silas Sims |
| District Attorney Carolyn O'Hare | Jefferson County DA Office | 501 Jefferson County Pkwy, District Attorney Bldg, Golden, CO 80401 | (303) 271-6900 | Involved in criminal investigation of Silas Sims |
| Ramos Law podcast Gentleman | | | | |
| **Representatives from clients and former clients** | | | | **Regarding solicitation of business by CPL** |
| 1 Jeffy McLaughlin | Pike Grove HOA | | | |
| 2 Harold Klausner | Perfect Drift | | | |
| **Targeted clients and former clients** | Audience | Location | Client Type | Picture of property taken while they were an ASI client is on CPL social media. Owes ASI $$ |
| 1 Brian Cries | Followed on Social Media | Avondale, Colorado | Fish | |
| 2 Colorado Cattle Company | Followed on Social Media | Raymer, Colorado | Fish | |

20

| # | Name | | Location | | |
|---|---|---|---|---|---|
| 3 | David Morse | Followed on Social Media | Glenwood Springs, Colorado | Fish | |
| 4 | Donna Harper | Followed on Social Media | Basalt, Colorado | Pond Management, Equipment Maintenance, & Fish | Owns ASI $5 |
| 5 | Durten Hot Springs | Followed on Social Media | Dowers, Colorado | Fish | |
| 6 | Live Water Properties | Followed on Social Media | Colorado | Pond Management, Equipment Maintenance, & Fish | |
| 7 | Robert Barnes | Followed on Social Media | Basalt, Colorado | Pond Management, Equipment Maintenance, & Fish | |
| 8 | Steve Cietulch | Followed on Social Media | Telluride, Colorado | Pond Management, Equipment Maintenance, & Fish | |
| 9 | Sally Cole | Followed Social Media | Basalt, Colorado | Pond Management & Equipment Maintenance | |
| # | Reuter Hess Reservoir | Request for Proposal | Parker, Colorado | Reservoir Management & Fish | Targeted project tiers that were copied and/or deleted |
| # | Bhce Karsh (with Roaring J Ranch) | Tagged on Social Media | Leadville, Colorado | Trout | |
| # | Roaring J Ranch | Tagged on Social Media | Leadville, Colorado | Trout | |
| # | Wellington Lake | Tagged on Social Media | Baily, Colorado | Trout & Surveying | |
| # | Evergreen Lake | Website | Evergreen, Colorado | Aeration | Bathymetry map on CPk website |

**Notice of Deposition**

**(Expert Christian Mammarella, EnCe)**

22

**From:** **John Schmitz** john@schmitzlegal.com 📎
**Subject:** ASI Notice of Deposition - Mr. Chris Mammarella
**Date:** August 6, 2024 at 3:51 PM
**To:** Ken Falkenstein kfalkenstein@coloradolawyers.com
**Cc:** Stanley Thorne thorne@schmitzlegal.com, Patrick Canty patrick@schmitzlegal.com, Barbara Moinester barbara@schmitzlegal.com
**Bcc:** John Schmitz john@schmitzlegal.com, Jerre West jerre@schmitzlegal.com

Mr. Falkenstein,

As discussed, and agreed upon, yesterday, please find attached the Notice of Deposition of one of ASI's experts.

Please acknowledge receipt.

Best,

John P. Schmitz, Esq.

Licensed in CO & CA
www.schmitzlegal.com
john@schmitzlegal.com



Rated by SUPER LAWYERS: 2021-2024

Selected To Rising Stars: 2011 - 2012, 2014 - 2018

LAW OFFICES OF JOHN P. SCHMITZ, P.C.
1001 Bannock Street
Suite #426
Denver, CO 80204
Telephone: 303.219.9430
Facsimile: 1.866.903.0052

-Attorney Client Privileged-

All Client(s)' legal rights and privileges are not waived and are expressly hereby

All Client(s)' legal rights and privileges are not waived and are expressly hereby
reserved.  All rights and privileges are cumulative and not exclusive.

Any settlement offer contained in this email is made pursuant to FRE 408 or its
state law equivalent.

Pursuant to the rules of professional conduct set forth in Circular 230, as
promulgated by the United States Department of the Treasury, nothing contained
in this communication was intended or written to be used by any taxpayer for the
purpose of avoiding penalties that may be imposed on the taxpayer by the Internal
Revenue Service, and it cannot be used by any taxpayer for such purpose.
 No one, without our express prior written permission, may use or refer to any tax
advice in this communication in promoting, marketing, or recommending
a partnership or other entity, investment plan or arrangement to any other party.

**ASI Chris M. Notice of
Depo 8.6.2024.pdf** 
154 KB

24

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:23-cv-03394-RMR-NRN          Jury **Trial Demanded**

**Aqua Sierra, Inc.,**

Plaintiff.

v.

**Colorado Pond and Lake., LLC, et al.**

Defendants.

To: Ken Falkenstein, Esq.

6377 S. Revere Parkway. Suite 400,

Centennial, CO 80111

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that,

pursuant to F.R.C.P. 30, Plaintiff Aqua Sierra Inc., will take the deposition upon oral examination of Chris Mammarella, EnCE, Senior Forensic Analyst, commencing at 9:00 A.M. on September 6, 2024, at 9085 East Mineral Circle, Centennial, CO 80112 in the second-floor conference room, before a notary public or other officer authorized to administer oaths.

The deposition will be recorded by stenographic and/or videographic means.

Dated: August 6, 2024

*s/ John P. Schmitz, Esq.*
John P. Schmitz
Law Offices of John Schmitz. P.C.
1001 Bannock Street, Suite 426
Denver, CO 80204
Email: john@schmitzlegal.com
Telephone: (303) 219-9430

*s  Stanley Charles Thorne, Esq.*
Stanley Charles Thorne
Of Counsel
Law Offices of John Schmitz, P.C. 1001 Bannock Street, Suite 426
Denver, CO 80204
Email: thorne@schmitzlegal.com
Telephone: (303) 330-1455

25

CERTIFICATE OF SERVICE

*I certify that on August 6, 2024, a true and correct copy of the foregoing **Plaintiff's
Notice of Deposition of Chris Mammarella** was served on the following via email:*

Ken Falkenstein, Esq. - **COUNSEL FOR ALL DEFENDANTS**

Irwin Fraley, PLLC

6377 South Revere Parkway

Suite 400

Centennial, CO, 80111

T: 303-999-9000

F: 303-999-9001

Email: kfalkenstein@coloradolawyers.com

**LAW OFFICES OF JOHN SCHMITZ, P.C.**

s/ *John P. Schmitz, Esq.*

26

# Harrington Disclosure

**From:** **John Schmitz** john@schmitzlegal.com
**Subject:** ASI v CPL et al. ASI Damages Expert per Protective Order
**Date:** November 5, 2024 at 4:52 PM
**To:** Ken Falkenstein kfalkenstein@coloradolawyers.com
**Cc:** Stanley Thorne thorne@schmitzlegal.com, Patrick Canty patrick@schmitzlegal.com
**Bcc:** John Schmitz john@schmitzlegal.com

Ken,

Per the Protective Order, please find the request/intent of ASI to disclose certain documents CPL
turned over, or will be turned over in discovery, marked "HIGHLY CONFIDENTIAL" (treated as
HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY per agreement of 10.28.2024), marked
"HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," and Invoices to be produced pursuant to
the Order [ECF 53] marked "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."
Damages Expert is Mr. James Harrington of, and employed by, Matson, Driscoll & Damico, LLP.
Attached is Mr. Harrington's CV.

Best,

John P. Schmitz, Esq.

Licensed in CO & CA
www.schmitzlegal.com
john@schmitzlegal.com

LAW OFFICES OF JOHN P. SCHMITZ, P.C.
1001 Bannock Street
Suite #426
Denver, CO 80204
Telephone: 303.219.9430
Facsimile: 1.866.903.0052


-Attorney Client Privileged-

All Client(s)' legal rights and privileges are not waived and are expressly hereby
reserved. All rights and privileges are cumulative and not exclusive.

Any settlement offer contained in this email is made pursuant to FRE 408 or its
state law equivalent.

Pursuant to the rules of professional conduct set forth in Circular 230, as
promulgated by the United States Department of the Treasury, nothing contained
in this communication was intended or written to be used by any taxpayer for the
purpose of avoiding penalties that may be imposed on the taxpayer by the Internal
Revenue Service, and it cannot be used by any taxpayer for such purpose.

Revenue Service, and it cannot be used by any taxpayer for such purpose.
No one, without our express prior written permission, may use or refer to any tax
advice in this communication in promoting, marketing, or recommending
a partnership or other entity, investment plan or arrangement to any other party.


**James Harrington CV
and Testimony.pdf**

29



A Davies Company

## James J. Harrington   CPA, CFF, CVA   Director

248.283.0222     586.764.2595     jharrington@mdd.com   3155 W. Big Beaver, Suite 205   Troy, MI 48084

### Position

Matson, Driscoll & Damico, LLP – (2018 – Present)
Alvarez & Marsal – (2009 - 2018)
Navigant Consulting – (2004 – 2009)
Tucker Alan, Inc. – (1998 – 2004)
Shore & Azimov – (1997 – 1998)
Parker Wittus – (1995 – 1997)

### Professional Experience

Professional concentration in matters related to intellectual property disputes, licensing disputes, fraud investigations, mutual fund analysis and securities disputes, claims for increased costs, business interruption loss, breach of contract, accounting investigations and other commercial disputes. Provided expert testimony in matters pending in state court, federal court and arbitration forums.

Industry experience in agriculture, automotive, cannabis, chemicals, computers, construction, consumer products, electronics, food service, manufacturing, mining, retail, securities, software, surgical/medical equipment and telecommunications.

### Intellectual Property Matters

Extensive experience on intellectual property assignments including patent infringement matters, trademark infringement, trade secrets and other intellectual property claims involving lost profits, price erosion, reasonable royalty, unjust enrichment, disgorgement of profits, and pre-judgment and post judgment interest calculations.

Prepared expert reports on damages issues in connection with intellectual property matters. Deposition and trial testimony also provided.

### Patent Infringement Matters

Analysis performed on numerous lost profit claims associated with lost unit sales, lost convoyed sales, price erosion, market share erosion, lost head start and other claims of lost profits. Calculated and analyzed the incremental profit for patented products and processes, as well as accused products and processes. Addressed market share issues to evaluate the appropriateness of lost profit claims based on a market share approach. Developed detailed knowledge of leading cases relevant to lost profit damages including Panduit, Rite-Hite, Grain Processing, State Industries v. Mor-Flo and others. Provided expert trial testimony addressing claims of lost profit.

Retained as the testifying expert on behalf of the patentee in a design patent infringement matter. Patent related to the design of a cell phone charger. Prepared an expert report addressing the amount of profit earned by the defendants on the accused sales. Provided expert deposition testimony on the damages issues.

Performed reasonable royalty analysis on numerous patent infringement matters. Reasonable royalty analysis included consideration of the Georgia Pacific factors as they relate to the hypothetical negotiation. Reasonable royalty analysis has included consideration and analysis of existing licenses and their comparability to the hypothetical negotiation, established license rates, analytical methods, cost savings, profit improvement, apportionment issues and other considerations. Considered the appropriateness of the entire market value rule in determining the appropriate royalty base. Developed detailed knowledge of leading cases related to reasonable royalty determinations including Georgia Pacific, Panduit, Cornell v. Hewlett Packard, Lucent v. Gateway, Uniloc v. Microsoft, and others. Expert trial testimony included reasonable royalty analysis and reasonable royalty rate determinations.


A Davies Company

## James J. Harrington   CPA, CFF, CVA   Director

248.283.0222      734.939.0173      jharrington@mdd.com   3155 W. Big Beaver, Suite 205   Troy, MI 48084

### Licensing Disputes

Analyzed consideration received from licensors on multiple licenses to determine whether more favorable terms were granted to one licensee. Net present value analysis of avoided royalties was applied to calculate possible value of cross-licensing terms.

Performed royalty audit on behalf of a licensor.  Audit included analysis and verification of royalty reports. Analysis included testing of reported sales values included in the royalty base and identification of omitted sales subject to royalties.

### Trademark Matters

Analyzed actual damages claim related to the use of an alleged infringing trademark.  Analysis included the apportionment of the defendant's revenues and profits between infringing and non-infringing sales. Analyzed reasonable royalty considerations related to the asserted trademarks.

### Trade Secrets Matters

Analyzed actual damages assertions including lost profits and lost value of alleged trade secrets.  Considered and analyzed the possible unjust enrichment to the defendant for trade secret disclosure including cost savings and shortened time to market.  Also examined reasonable royalty for use of trade secrets.

### Copyright Matters

Addressed claims of unjust enrichment and disgorgement of profit.  Analyzed costs properly considered in determining amount of profit earned on infringing sales. Also addressed claims related to profits on non-infringing sales. Provided expert deposition testimony addressing these issues.

### Forensic Accounting Investigations

Assisted in a forensic accounting investigation as part of a team supporting the examiner's financial advisor in the bankruptcy proceedings of a major multinational casino operating company.  Engagement involved investigating and reporting on several highly complex pre-petition transactions completed by the debtor.

Analyzed donations received by our client, a charitable organization assisting underprivileged children in Iraq, to determine whether donations made to a related church were being commingled with the charity's funds. Analysis included donations of over $1.2 million covering a five-year period. Reported findings to the charity's management team and members of the board of directors.

Analyzed historical revenues and expenses of a large apartment complex to assess whether the property manager was improperly using partnership assets for personal gain.  Analysis involved review of reported monthly rental revenue and expenditures over a seven-year period in order to identify unusual trends or questionable expenditures.

Assisted in a fraud investigation relating to alleged excessive/improper reporting of travel and entertainment expenses by the officer of a large not-for-profit organization.  Analysis included the review and compilation of expenses reported over a three-year period to evaluate the appropriateness of the expenditures.

### Other Commercial Disputes and Damages Studies

Analyzed historical sales and financial performance of terminated OEM dealerships to be considered in arbitration proceedings addressing the dealership's claims of improper termination.  Provided expert testimony on behalf of the OEM at arbitration.


A Davies Company

## James J. Harrington  CPA, CFF, CVA  Director

248.283.0222     734.939.0173     jharrington@mdd.com    3155 W. Big Beaver, Suite 205   Troy, MI 48084

Prepared analysis quantifying claimed lost profits experienced by our client, a Tier 2 automotive supplier, resulting from a claimed breach of a requirements contract by its customer, a Tier 1 supplier. Analysis included determining the amount of lost sales over a forty-two month period and identifying and calculating incremental costs associated with the claimed lost sales. Issued an expert report presenting the analysis and lost profit conclusion and provided deposition testimony.

Analyzed alleged improper commercial construction loan draws made by the general contractor retained by our client to manage the construction of a local fast-food restaurant. Analysis included determining whether the incurred cost amounts reflected in the sworn statements submitted by the contractor had actually been incurred for work completed by the contractor and subcontractors. Provided a report of our findings and provided expert testimony at arbitration.

Retained to analyze lost profits claim on behalf of our client, a provider of banking and payment services to medical and recreational cannabis dispensaries and suppliers. Analysis included the determination of existing cannabis wholesale and retail markets in Michigan and Illinois and long-term potential growth trends to support and quantify future lost profit damages.

Reviewed and analyzed claims of increased costs by our client, a national pizza chain, related to the cancellation of a planned national advertising program based on a "scratch and win" game. Analysis included identifying and calculating additional costs incurred as a direct result of the game cancellation as well as costs incurred in development of the game which resulted in no direct economic benefit to our client.

In an antitrust matter, performed analysis to rebut claims of below cost pricing on sales made to a major home improvement retail chain. Analysis included the examination of contract selling prices and incremental costs on the accused products and an allocation of one-time rebates and advertising allowances provided to the retailer.

### Mutual Funds and Securities Disputes

Prepared analysis on trading activities by a mutual fund company executive accused of market timing and other improper trading activity in international and small cap mutual funds. Analysis was performed using daily transactional data for a five-year period on several accounts controlled by the executive. The data was analyzed to identify trading patterns, holding days in equity funds and trading gains and losses realized through longer term holding periods.

Analyzed a hedge fund company's investment experience in detail to determine the historical return achieved from its investments in mutual funds. Reviewed and analyzed daily trading positions for the hedge fund between money market accounts and equity-oriented mutual funds, confirmed and reconstructed historical trading data, computed daily, monthly and annual returns for the hedge fund from its mutual fund investments and compared the hedge fund's returns to market indexes. We also identified and summarized academic studies addressing excess returns available from actively trading no-load mutual funds based upon movements in the domestic market and other variables.

### Certifications & Memberships

American Institute of Certified Public Accountants
Michigan Association of Certified Public Accountants
National Association of Certified Valuators and Analysts

### Speaking Engagements

Michigan Association of Certified Public Accountants Litigation and Business Valuation Conference, June 2004, *"Damages Issues in Patent Infringement Matters".*

### Education

1995 Bachelor of Science, Accounting – Oakland University - Rochester, MI



## Summary of Expert Testimony

Lynch Road Industrial, LLC v. Axle of Dearborn, Inc. d/b/a, Detroit Axle, State of Michigan, 3rd Judicial Circuit Court (Expert Report and Deposition testimony), 2024

Flipsi, Ltd. v. TOMY International, Inc., U.S. District Court, Northern District of Illinois, Eastern Division (Expert Reports and Deposition testimony), 2024

Michael Patrick Parrent v. Jeffrey Marvin Roggenbuck, et.al., State of Michigan, Circuit Court for the County of Wayne (Expert Report and Deposition testimony) 2024

Richard Sarfoh v. Harold Sullivan, American Arbitration Association, Case No. 01-22-0005-2288 (Expert Report and Arbitration testimony), 2023

Encompass Pet Group, LLC d/b/a SmartPetLove and Snuggle Pet Products, LLC v. Allstar Products Group, LLC, and Allstar Marketing Group, LLC, U.S. District Court, Eastern District of Michigan, Southern Division (Expert Reports and Deposition testimony), 2023

Triage Logic Management & Consulting, LLC v. PQCTech, LLC, et. al., U.S. District Court, Western District of Missouri, Western Division (Expert Report and Deposition testimony), 2023

Stephanie Campbell v. Gannett Company, Inc., et.al., U.S. District Court, Western District of Missouri, (Expert Report and Deposition testimony), 2022

Sportspower, Ltd. v. Crowntec Fitness Mfg. Ltd., U.S. District Court, Eastern District of Texas, Sherman Division (Expert Report and Deposition testimony), 2021

Assessment Technologies Institute, LLC v. Cathy Parkes, U.S. District Court, District of Kansas (Expert Report and Deposition testimony), 2021

955 S. Monroe, LLC and Anthony E. Porter v. D&R Maintenance Management, Inc. and Jason M. D'Herin, 38th Circuit Court, Monroe, MI (Expert Report and Arbitration testimony), 2020

Sportspower, Ltd. v. Crowntec Fitness Mfg. Ltd., U.S. District Court, Central District of California (Expert Report and Deposition testimony), 2019

Hain Blueprint, Inc., v. Blueprint Coffee, LLC, U.S. District Court, Eastern District of Missouri, Eastern Division (Expert Report and Deposition testimony), 2018

Star Chrysler, Inc. (d/b/a Bill Kay's Naperville Chrysler) v. Chrysler Group LLC, AAA No. 51-532-000113-10 (Arbitration testimony), 2010

Ogden Chrysler, Inc. (d/b/a Bill Kay's Chrysler of Downers Grove) v. Chrysler Group LLC, AAA No. 51-532-000114-10 (Arbitration testimony), 2010

Magnadyne Corporation v. Best Buy Co., Inc. and Ever Win International Corporation, U.S. District Court, Central District of California (Expert Report and Deposition testimony), 2010

Martin Gubb v. P&M Services, Inc., U.S. District Court, Eastern District of Michigan, Southern Division (Expert Report, Deposition and Trial testimony), 2007

Q.C. Onics Ventures, LP v. Johnson Controls, Inc., U.S. District Court, Northern District of Indiana, Fort Wayne Division (Expert report and Deposition testimony), 2005

# Counsel Emails Re: Contents of Reports

**From:** **John Schmitz** john@schmitzlegal.com
**Subject:** Re: ASI v. CPL, et al - RECLASSIFICATION
**Date:** January 8, 2025 at 10:21 AM
**To:** Ken Falkenstein kfalkenstein@coloradolawyers.com
**Cc:** Stanley Thorne thorne@schmitzlegal.com, Patrick Canty patrick@schmitzlegal.com, Osh Skaff oskaff@coloradolawyers.com



Good Morning Ken:

Let's do your proposed time to discuss – today, Wednesday, January 8, 2025, at 2:00 p.m.

Please use this firm's dial-in information.

Tele. 1.800.356.8278
Conference Code: 699308

Talk with you then.

Best,

John P. Schmitz, Esq.

Licensed in CO & CA
www.schmitzlegal.com
john@schmitzlegal.com


LAW OFFICES OF JOHN P. SCHMITZ, P.C.
1001 Bannock Street
Suite #426
Denver, CO 80204
Telephone: 303.219.9430
Facsimile: 1.866.903.0052


-Attorney Client Privileged-

All Client(s)' legal rights and privileges are not waived and are expressly hereby
reserved. All rights and privileges are cumulative and not exclusive.

Any settlement offer contained in this email is made pursuant to FRE 408 or its
state law equivalent.

Pursuant to the rules of professional conduct set forth in Circular 230, as
promulgated by the United States Department of the Treasury, nothing contained
in this communication was intended or written to be used by any taxpayer for the

purpose of avoiding penalties that may be imposed on the taxpayer by the Internal
Revenue Service, and it cannot be used by any taxpayer for such purpose. No
one, without our express prior written permission, may use or refer to any tax
advice in this communication in promoting, marketing, or recommending a
partnership or other entity, investment plan or arrangement to any other party.

On Jan 7, 2025, at 4:16 PM, Ken Falkenstein <kfalkenstein@coloradolawyers.com> wrote:

In those timeframes, I have a narrow window tomorrow from 2-2:30. Let's plan to talk
then.

In preparation for the call, my position is that full reciprocity has no place in a discussion
of reports with highly confidential information between competitors. The issue is keeping
EACH party's highly confidential information away from its COMPETITOR. So, highly
confidential information of one party in a report cannot be shared with the other
competitor party. However, there should be no problem with each party having access to
THEIR OWN highly confidential information. So, the idea is to identify each party's highly
confidential information in each report so we can try to come to agreement on which parts
of the reports, i.e. each respective party's OWN highly confidential information, can be
shared with our respective clients.

Best regards,

**Ken Falkenstein**
**Attorney**

IRWIN FRALEY, PLLC
6377 S. Revere Parkway, Suite 400
Centennial, Colorado  80111  USA
303-999-9000  Tel
303-999-9001  Fax

www.ColoradoLawyers.com

<image001.png> <image002.png>
AV-rated since 2013

"Before you criticize a man, walk a mile in his shoes. That way, when you do
criticize him, you'll be a mile away and have his shoes."

— Steve Martin

NOTICE OF CONFIDENTIALITY AND PRIVILEGE:

The information contained in this email, and any attachments, are confidential, protected under the Electronic Communications
Privacy Act, 18 USC Sections 2510-2521, and may also be protected by attorney-client and/or attorney work-product privileges. If
the reader of this communication is not the intended recipient, an employee, or agent of the intended recipient who is responsible
for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender
by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The
unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be
unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney-client or other privilege. Thank you.

**From:** John Schmitz <john@schmitzlegal.com>
**Sent:** Tuesday, January 7, 2025 3:13 PM
**To:** Ken Falkenstein <kfalkenstein@coloradolawyers.com>
**Cc:** Stanley Thorne <thorne@schmitzlegal.com>; Patrick Canty
<patrick@schmitzlegal.com>; Osh Skaff <oskaff@coloradolawyers.com>
**Subject:** Re: ASI v. CPL., et al - RECLASSIFICATION

Ken,

We don't agree with your proposal for lack of reciprocity. We stand by our
proposal as outlined in the email earlier today.

Unfortunately, as you indicated you are in a meeting and I have a personal matter
that requires my immediate attention for the rest of today.

Let's plan on talking tomorrow. Right now, I am available 9:00 a.m. -11:00a.m and
2:00 p.m. -4:00 p.m.

Best,

John P. Schmitz, Esq.

-Attorney Client Privileged (as the case may be)-

**This Message was sent via a mobile device. Please excuse any typos or the
brevity of this email. Thank you.**

> On Jan 7, 2025, at 12:42 PM, Ken Falkenstein
> <kfalkenstein@coloradolawyers.com> wrote:

John:

We are in the process of choosing our retained experts and will make our
request to disclose the highly classified information to them per the process
you pointed to soon, probably next week.

I can't agree to a blanket agreement that allows your client to see everything
my client is allowed to see because most, if not all, of the highly confidential
information in those reports is their information. That's why it shouldn't be a
problem for them to see it, but it would be a problem for your client to see it.

So, again, I start with the premise that most, if not all, of the highly
confidential information in those reports is my clients' information and ask that
you identify anything in those reports that you claim is your clients' highly
confidential information. I think my clients should be allowed to see
everything in those reports other than your client's highly confidential
information. (I'd also be ok with your client seeing everything in those reports
except my clients' highly confidential information, but, again, I think most of

what's in those reports is my clients' highly confidential information.) If you can make that identification, I think that would be a good starting point for our discussion.

Best regards,

**Ken Falkenstein**
**Attorney**

IRWIN FRALEY, PLLC
6377 S. Revere Parkway, Suite 400
Centennial, Colorado  80111  USA
303-999-9000  Tel
303-999-9001  Fax

www.ColoradoLawyers.com

<image001.png>

<image002.png>
AV-rated since 2013

"Before you criticize a man, walk a mile in his shoes. That way, when you do criticize him, you'll be a mile away and have his shoes."

— Steve Martin

NOTICE OF CONFIDENTIALITY AND PRIVILEGE:

The information contained in this email, and any attachments, are confidential, protected under the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, and may also be protected by attorney-client and/or attorney work-product privileges.  If the reader of this communication is not the intended recipient, an employee, or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner.  The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.  Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney-client or other privilege.  Thank you.

**From:** John Schmitz <john@schmitzlegal.com>
**Sent:** Tuesday, January 7, 2025 12:28 PM
**To:** Ken Falkenstein <kfalkenstein@coloradolawyers.com>
**Cc:** Stanley Thorne <thorne@schmitzlegal.com>; Patrick Canty <patrick@schmitzlegal.com>; Osh Skaff <oskaff@coloradolawyers.com>
**Subject:** ASI v. CPL, et al - RECLASSIFICATION

Ken,

In Plaintiff's Expert Reports that were disclosed to Defendants' counsel, there are both designations of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the MDD report from both Plaintiff and Defendants.  The Archer Hall expert report contains only Plaintiff's designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

As per our possible telephone discussion (if needed) related to the declassification of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to designation of "CONFIDENTIAL" pursuant to the Stipulated Protective Order [ECF 37], Plaintiff's counsel proposes the following (Obviously, before we reach agreement, I will need to get client approval to disclose in this manner):

AS TO DISCLOSURE TO PARTIES (reciprocal as to both Plaintiff and Defendants):

1. The documents previously designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be reclassified as "CONFIDENTIAL" by stipulation and treated as such pursuant to the Stipulated Protective Order and disseminated only in the manner set forth in the Stipulated Protective Order.

AS TO DISCLOSURE TO EXPERTS:

1. The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation will remain in place and be subject to the Stipulated Protective Order [ECF 37] including, but not limited to, the procedures set forth in Section 6.4 [ECF 37].
   a. "Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that identifies the Expert, specifies the Expert's employer, and includes a copy of the Expert's resume. A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven calendar days of delivering the request, the Party receives a written objection from the

Designating Party. Any such objection must set
forth in detail the grounds on which it is based."

This should solve the disclosure to the respective parties for proper
prosecution and defense.

Best,

John P. Schmitz, Esq.

-Attorney Client Privileged (as the case may be)-

**This Message was sent via a mobile device.  Please excuse any
typos or the brevity of this email.  Thank you.**

40

**Bates Label Stipulation**

**Subject:** ASI v. CPL et. Al. _ Agreeable Bates labely discussed 11.7.2024

**Date:** Friday, November 8, 2024 at 16:48:04 Mountain Standard Time

**From:** John Schmitz

**To:** Ken Falkenstein

**CC:** Stanley Thorne, Patrick Canty, Osh Skaff

Ken,

This email is to confirm our mutual agreement about the Bates numbering
protocols we discussed in our telephonic meet and confer between you, me, and
Thorne yesterday, November 7, 2024.

We agreed that ASI will use numbers *seriatim* starting with 1 though whatever
number is necessary. Likewise, all Defendants will collectively une
numbers *seriatim* starting with 1 through whatever is necessary. (i.e. each
Defendant will not use a separate numerical range.).

We agreed that for each of the documents you have already produced to ASI, the
"CPL" ahead of the Bates number denotes a document related to all Defendants
collectively. The same will be true going forward for each document identified by
"CPL" ahead of the Bates number.

We prefer that for each document you produce to ASI with "LLC" ahead of the
Bates number, the "LLC" denotes a document related to only Defendant Colorado
Pond and Lake, LLC.

This approach allows us to avoid renumbering the "CPL" documents you have
already produced.

We prefer that for each document you produce to ASI with "SDS" ahead of the
Bates number, the "SDS" denotes a document related to only Defendant Silas D.
Sims.

We prefer that for each document you produce to ASI with "P-H" ahead of the
Bates number, the "P-H" denotes a document related to only Defendant Philip
Hirshman.

We prefer that for each document you produce to ASI with "N-B" ahead of the
Bates number, the "N-B" denotes a document related to only Defendant Noel
Browning.

Please reply to confirm these protocols are agreeable with you.

Best,

John P. Schmitz, Esq.

Licensed in CO & CA
www.schmitzlegal.com
john a schmitzlegal.com


LAW OFFICES OF JOHN P. SCHMITZ, P.C.
1001 Bannock Street
Suite #426
Denver, CO 80204
Telephone: 303.219.9430
Facsimile: 1.866.903.0052


-Attorney Client Privileged-

All Client(s)' legal rights and privileges are not waived and are expressly hereby
reserved. All rights and privileges are cumulative and not exclusive.

Any settlement offer contained in this email is made pursuant to FRE 408 or its state
law equivalent.

Pursuant to the rules of professional conduct set forth in Circular 230, as
promulgated by the United States Department of the Treasury, nothing contained in
this communication was intended or written to be used by any taxpayer for the
purpose of avoiding penalties that may be imposed on the taxpayer by the Internal
Revenue Service, and it cannot be used by any taxpayer for such purpose. No one,
without our express prior written permission, may use or refer to any tax advice in
this communication in promoting, marketing, or recommending a partnership or other
entity, investment plan or arrangement to any other party.

43

Thursday, July 31, 2025 at 9:50:17 AM Mountain Daylight Time

| | |
|---|---|
| **Subject:** | RE: ASI v. CPL et. Al. _ Agreeable Bates labely discussed 11.7.2024 |
| **Date:** | Tuesday, November 12, 2024 at 13:50:55 Mountain Standard Time |
| **From:** | Ken Falkenstein |
| **To:** | John Schmitz |
| **CC:** | Stanley Thorne, Patrick Canty, Osh Skaff |
| **Attachments:** | image001.png, image002.png |

Not to be nitpicky, but we agreed that for the human defendants, we would use their last names. So, for example, anything we produce for Phil Hirshman alone will be labeled "Hirshman 1" and so on. It's just easier for us to remember. I agree with the rest of your message. Please respond and let me know if this is agreeable as well.

Best regards,

**Ken Falkenstein**
**Attorney**

IRWIN FRALEY, PLLC
6377 S. Revere Parkway, Suite 400
Centennial, Colorado  80111  USA
303-999-9000  Tel
303-999-9001  Fax

www.ColoradoLawyers.com



AV-rated since 2013

"Before you criticize a man, walk a mile in his shoes. That way, when you do criticize him, you'll be a mile away and have his shoes."

— Steve Martin

NOTICE OF CONFIDENTIALITY AND PRIVILEGE

The information contained in this e-mail and any attachments is subject to legal protection under the Business Patent Privilege Policy and 18 USC sections 2510-2521 and may also be protected by attorney-client or work-product privileges. This message is only intended recipient is not the intended recipient of you believe that you have received this message in error please notify the sender by reply and promptly delete this e-mail including attachments without keeping a copy of them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments is prohibited and may be harmful. Receipt by anyone other than the intended recipients is not a waiver of any attorney-client or other privileges. Thank you.

# Bates Log

| Bates # | Date | Log I.D. | Doc Description |
|---|---|---|---|
| 1-235 | 11/8/24 | KAR | ASI Financial Statements 2017-2024 |
| 236-238 | 11/8/24 | KAR | ASI Financial P&L's Produced to CPL 2021-2024 |
| 239-1409 | 11/8/24 | KAR | ASI Topics and Contents of Initial Disclosures |
| 1410-1411 | 11/8/24 | KAR | Employment Agreement Redacted |
| 1412-1417 | 11/8/24 | KAR | Noel Browning Resume |
| 1418 | 11/8/24 | KAR | Sila D. Sims Resume |
| 1419 | 11/8/24 | KAR | Sila D. Sims 2020 Resume |
| 1420 | 11/8/24 | KAR | Silas D. Sims Computer Properties Details of Resume |
| 1421 | 11/8/24 | KAR | ASI Letter to D.A. |
| 1422-1552 | 11/13/24 | KAR | CPL Invoices, Corporate and Tax Documents |
| 1553-1590 | 11/13/24 | KAR | CPL Financial Statements PL & Balance Sheets 2021-2024 |
| 1591-2212 | 11/13/24 | KAR | CPL Second Supplemental Responses (600 Invoices) |
| 2213-2505 | 11/18/24 | KAR | ASI QuickBase Contact List |
| 2506-2571 | 11/18/24 | KAR | ASI QuickBooks Client List |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| NOTES |
|---|
| Uploaded directly to MDD via link provided. |
| Delivered on USB flashdrive to KF 10/17/2024, Uploaded directly to MDD via link provided 11/8/2024 |
| Delivered on USB flashdrive to KF 05/14/2024 |
| Employee name removed |
| |
| |
| |
| |
| |
| |
| |
| ASI Full Back-up Customer Contact (Includes Access Database) |
| ASI Current Client List Active (within the last two years) |
| |
| |
| |
| |
| |
| |
| |
| |
| |

47

| Range | Detailed Description | Action Performed |
|---|---|---|
| 1-235 | 1 and 2 Quarter of 2024 | Uploaded via link |
| 236-238 | 1 and 2 Quarter of 2024 | Uploaded via link |
| 239-1409 | | |
| 1410-1411 | | |
| 1412-1417 | | |
| 1418 | | |
| 1419 | | |
| 1420 | | |
| 1421 | | |
| 1422-1552 | | Uploaded via link |
| 1553-1590 | | Uploaded via link |
| 1591-2212 | | Uploaded via link |
| 2213-2505 | 1-293 Pages | |
| 2506-2571 | 1-66 Pages | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |