IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-3394-RMR-NRN

AQUA SIERRA, INC., a Colorado Corporation

Plaintiff,

v.

COLORADO POND AND LAKE, LLC, *et al.*,

Defendants.

---

**DEFENDANTS' REPLY TO [99] PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM CALLING ANY EXPERT WITNESSES AT TRIAL OR, IN THE ALTERNATIVE, TO PRECLUDE PLAINTIFF FROM CALLING JAMES HARRINGTON, PURSUANT TO FED. R. CIV. P. 26(a)(2) AND 37(c)(1)**

---

Defendants Colorado Pond and Lake LLC, Silas Sims, Philip Hirshman, and Noel Browning, by and through their undersigned attorneys, reply to [99] Plaintiff's Response ("Response") to Defendants' Motion ("Motion") to Preclude Plaintiff From Calling Any Expert Witnesses at Trial or, in the Alternative, to Preclude Plaintiff From Calling James Harrington, Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1) as follows:

1. **Plaintiff Should Be Precluded From Calling Any Expert Witnesses Under Fed. R. Civ. P. 37(c)(1) Because Plaintiff Did Not Disclose Any Experts That It May Call at Trial as Required Under Fed. R. Civ. P. 26(a)(2)(A).**

As discussed in Defendants' Motion, Fed. R. Civ. P. 26(a)(2)(A) requires each party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." It is undisputed in Plaintiff's Response that Plaintiff did not file any expert disclosures under Fed. R. Civ. P. 26(a)(2)(A). Instead, Plaintiff

argues that its filing of experts reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) satisfied the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(A). However, Plaintiff cited no authority for the proposition that the filing of an expert report under Fed. R. Civ. P. 26(a)(2)(B) vitiates the requirement of Fed. R. Civ. P. 26(a)(2)(A) to file a disclosure of a party's expert witnesses because no such legal authority exists.

Plaintiff did cite "a plethora of cases" that it *claimed* contained rulings that the filing of expert reports without filing expert disclosures was sufficient. (Response at 9). However, *none* of the cases cited by Plaintiff said any such thing *or even addressed this subject at all* because in *all* of those cases, the party opposing the subject motion *had*, in fact, filed expert disclosures under Fed. R. Civ. P. 26(a)(2)(A). In *all* of the cases cited by Plaintiff, the issue before the court was the *sufficiency* of either the disclosures or reports filed under Fed. R. Civ. P. 26(a)(2)(B). *Not one* of those cases addressed a situation in which a party filed expert reports *but failed to file expert disclosures under Fed. R. Civ. P. 26(a)(2)(A) at all* as ASI did in the present case.

While arguing that it was acceptable not to file expert disclosures, Plaintiff also contradictorily argues that it *did* disclose its experts in its Fed. R. Civ. P. 26(a)(1) initial disclosures and supplements. However, the requirements and purposes of Fed. R. Civ. P. 26(a)(1) are entirely different than those of expert disclosures under Fed. R. Civ. P. 26(a)(2)(A), and what Plaintiff filed did not meet the requirements of Fed. R. Civ. P. 26(a)(2)(A). Disclosures under Fed. R. Civ. P. 26(a)(1) are meant to give the parties the fundamental information and evidence they need for the case generally and dispose of the need to proactively request that basic information and documentation in discovery. While some experts are often listed as persons with relevant knowledge in these initial disclosures, the information required to be disclosed in the initial disclosures is much less than that required in expert disclosures under Fed. R. Civ. P. 26(a)(2). For

example, Fed. R. Civ. P. 26(a)(1) requires the listing of *every* known person with relevant knowledge whether or not the disclosing party intends to call that person as a witness at trial. It does not require a party to state whether a disclosed person who may be an expert of some kind is expected to testify at trial as an expert witness, the professional qualifications of the expert, the opinions that he or she is expected to give in trial testimony, or the grounds for such opinions. Fed. R. Civ. P. 26(a)(2) requires disclosure of *all* of these things.

So, while Plaintiff is correct that it identified a couple of people with expert *qualifications* in its Fed. R. Civ. P. 26(a)(1) disclosures, merely identifying them did not come close to meeting the requirements of Fed. R. Civ. P. 26(a)(2)(A) expert disclosures. Specifically, Plaintiff's Fed. R. Civ. P. 26(a)(1) disclosures did not identify any experts *that it expects to testify at trial*, the opinions that any expert *was expected to give in testimony at trial*, or the grounds for any such opinions. Accordingly, Plaintiff's mentions of these people with expert qualifications in its Fed. R. Civ. P. 26(a)(1) disclosures did not come close to constituting expert disclosures as required under Fed. R. Civ. P. 26(a)(2)(A).

Plaintiff also argues, again incorrectly, that as long as an expert's opinions are fully stated in the Fed. R. Civ. P. 26(a)(2)(B) report, a Fed. R. Civ. P. 26(a)(2)(A) is not needed. (Response at 10). In support of this argument, Plaintiff cites two cases *that once again do not even address this subject at all*:

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) states that an expert's full and complete opinions must be stated in the Fed. R. Civ. P. 26(a)(2)(B) report, which is, of course, true. However, nowhere in *Jacobsen* does the court ever state that doing so vitiates the requirement for filing expert disclosures under Fed. R. Civ. P. 26(a)(2)(A) or even address that

issue *because that issue was not before the court*. Once again, the opposing party in that case *did* file Fed. R. Civ. P. 26(a)(2)(A) disclosures.

*McFerrin v. Allstate Property & Cas. Co.* 29 F. Supp. 924, 929-31 (E.D. Ky. 2014) does not address this issue at all because the party opposing the motion in this case did not file any expert disclosures or reports *and affirmatively stated that he would not be calling any experts at trial*. In short, this case has *no parallels or relevance at all* to the present case.

In the absence of *any* legal authority to support the proposition that filing expert reports excuses a party from its obligation to file disclosures under Fed. R. Civ. P. 26(a)(2)(A), Plaintiff's arguments amount to nothing more than policy arguments. Fed. R. Civ. P. 26(a)(2) clearly and unambiguously requires parties to file *both* a disclosure *and,* for retained experts only, a report.[1] It would be inappropriate for any court to accept Plaintiff's invitation to disregard these two clearly stated requirements set out in the rules and substitute Plaintiff's self-serving *policy* preferences to save Plaintiff from its failure to have complied with those rules.

Furthermore, the policy behind Fed. R. Civ. P. 26(a)(2) requiring *both* a disclosure *and* a report for retained experts is indeed sound: As discussed in more detail in Defendants' [81] Rule 26 Motion, the report alone does not inform the opposing party as to whether that expert actually will be called as a witness at trial, and it also does not inform the opposing party of what specific opinions the expert is expected to include in his or her testimony at trial.

Plaintiff itself demonstrated in a recent motion why the policy in Fed. R. Civ. P. 26(a)(2) of requiring both a disclosure and a report for retained experts is necessary. In Plaintiff's [88] Motion to Strike Dr. Wade Roberts as Defendants' rebuttal expert witness to Plaintiff's damages

---

[1] The fact that a report is required under Fed. R. Civ. P. 26(a)(2)(B) *only* for retained experts but is not required for unretained experts but that there is no such limitation in Fed. R. Civ. P. 26(a)(2)(A) is further evidence that a disclosure under Fed. R. Civ. P. 26(a)(2)(A) is indeed *always* required.

4

expert James Harrington, Plaintiff stated throughout that entire motion that the scope of Mr. Harrington's retention and expected testimony was narrowly limited to his calculation of Plaintiff's "unjust enrichment" damages. However, in Mr. Harrington's report, he stated that he was retained much more broadly "to analyze damages issues in the *Aqua Sierra, Inc. v. Colorado Pond and Lake, LLC*, et.al. matter." (Harrington Report at 4 ¶ 5). This perfectly illustrates why a *disclosure* of the expert's opinions is needed and why the expert's report is not a party's disclosure: *Plaintiff ASI itself does not accept James Harington's expert report, that Plaintiff filed under Fed. R. Civ. P. 26(a)(2)(B), as having set forth the scope of his expected testimony that Plaintiff was required to, but failed to, set forth in a disclosure under Fed. R. Civ. P. 26(a)(2)(A).*

Plaintiff failed to file an expert disclosure as required by Fed. R. Civ. P. 26(a)(2)(A). Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), Plaintiff should be not be permitted to call any experts at trial.[2]

2. **To the Extent That Plaintiff Is Permitted to Call Expert Witnesses at Trial Notwithstanding Its Failure to Disclose Any Such Experts for Trial, Plaintiff Should Be Precluded From Calling James Harrington as an Expert Witness Under Fed. R. Civ. P. 37(c)(1) for Failing to Disclose the Facts and Data That He Considered in Forming His Opinions and Conclusions Pursuant to Fed. R. Civ. P. 26(a)(2)(B)(ii).**

As discussed in Defendants' [81] Rule 26 Motion, Plaintiff's expert James Harrington identified the materials that he reviewed only by Bates stamp numbers with no substantive identification of any of those documents. ([93] Harrington Report, Attachment B). Plaintiff finally substantively identified these documents in its Response as follows:

> Bates stamped 00001-00238-"ASI Financial Statements 2017-2024"; "ASI Financial P&L's Produced to CPL 2021-2024"; and Bates Stamped 01422-02577

---

[2] Plaintiff's Response did not dispute Defendants' claims that Plaintiff's failure to file expert disclosures was not substantially justified or harmless under Fed. R. Civ. P. 37(c)(1), so the fact that it was *not* substantially justified and was *not* harmless, as discussed in detail in Defendants' [81] Rule 26 Motion, is undisputed. Accordingly, Defendants will not readdress those issues here.

      – "CPL Invoices, Corporate and tax documents" and "CPL Financial Statements PL and Balance Sheets 2021-2024".

(Response at 15).

Defendants need to correct a statement in its Rule 26 Motion that none of the items produced to Defendants by Plaintiff were Bates-stamped. ([81] Rule 26 Motion at 9). After Plaintiff substantively identified in its Response, *for the first time ever to Defendants*, the documents referenced in the Harrington Report only by Bates numbers, Defendants reviewed those documents and discovered that Plaintiff's Financial Statements that were listed by Bates stamp number as having been reviewed by Mr. Harrington had, in fact, been Bates stamped 00001-00235 (not 000238) in production to Defendants. Defendants had failed to notice the Bates stamp numbers on those documents *because they were the only documents that had been Bates-numbered out of the scores of documents constituting hundreds of pages that had been produced by Plaintiff in discovery in this case*.

The remaining more than 1,150 pages of documents referenced in the Harrington Report by Bates stamp number only were not Bates numbered in any documents produced to Defendants in discovery, and as discussed below, most of them actually cannot be what Plaintiff claims in its Response that they were. The remaining documents that Plaintiff identified in its Response as having been reviewed by Mr. Harrington were "ASI Financial P&L's Produced to CPL 2021-2024" and "CPL Invoices, Corporate and tax documents" and "CPL Financial Statements PL and Balance Sheets 2021-2024."

First, contrary to the claim by Plaintiff in its Response (Response at 15), the ASI Profit and Loss Statement that was produced to Defendants was *not* Bates stamped.[3] Second, CPL is a *defendant* in this case, so *CPL's* invoices, corporate and tax documents, financial statements, profit and loss statements, and balance sheets were items that *Defendants* produced with *Defendants'* Bates numbers. All of the documents listed as reviewed by Mr. Harrington in his report had *ASI* Bates numbers. CPL's corporate documents never had ASI Bates numbers, so contrary to Plaintiff's assertion in its Response, these CPL documents *could not* have been among the ASI Bates-stamped documents referenced by Mr. Harrington as reviewed in his report.[4] So, although the ASI financial statements had been Bates stamped and could be identified from the Bates numbers in the Harrington Report, no other documents could be identified out of the remaining more than 1,150 pages that he listed by ASI Bates numbers only – *and all but three of those pages still have not been identified*.

Mr. Harrington also failed to identify any specific evidence as his source for any of the data shown in any of his charts or calculations, so Defendants were left to have to guess the sources of any and all of that information throughout his entire report and attachments. Plaintiff's Response does not and cannot dispute this fact or point to anyplace in the Harrington Report where he actually did so, so this deficiency in the report is undisputed.

Plaintiff failed to identify most of the data and evidence on which its expert based his opinions, and his report failed to identify any specific sources for any of the charts and calculations in his report. Accordingly, the report does not meet the standards of Fed. R. Civ. P. 26(a)(2), and

---

[3] This three-page document was produced by ASI as Highly Confidential – Attorneys' Eyes Only. It will be filed with the Court concurrently herewith along with a motion to restrict it so that the Court can see that it has no Bates numbers on it. It is being produced to the Court for the first time with this Reply because it was never identified to Defendant by Plaintiff as a document reviewed by Mr. Harrington until Plaintiff's Response.

[4] These Bates numbers do not correspond to Defendants' Bates numbers for these documents, but even if they did, Mr. Harrington referenced the documents that he reviewed by *ASI* Bates stamp numbers, so Defendants would not have had any reason to believe that he was referring to *Defendants'* Bates-stamped documents.

pursuant to Fed. R. Civ. P. 37(c)(1), James Harrington should be not be permitted to testify as an expert for Plaintiff.[5]

Respectfully submitted on August 25, 2025.

By: s/ Ken Falkenstein
Ken Falkenstein, Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
Email: kfalkenstein@coloradolawyers.com
Attorneys for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2025, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

s/ Ken Falkenstein
Ken Falkenstein

---

[5] Once again, Plaintiff's Response did not dispute Defendants' claims that Plaintiff's failure to identify the data and evidence on which Mr. Harrington based his opinions was not substantially justified or harmless under Fed. R. Civ. P. 37(c)(1), so the fact that it was not substantially justified and was not harmless, as discussed in detail in Defendants' [81] Rule 26 Motion, is also undisputed. Accordingly, Defendants will not readdress those issues here either.